OPINION
{¶ 1} Defendant-appellant Drayon Q. Campbell appeals his May 20, 2004 conviction and sentence in the Stark County Court of Common Pleas on one count of carrying a concealed weapon and one count of having weapons under disability. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On February 21, 2004, officers from the Canton Police Department stopped appellant for driving his vehicle through a stop sign. Prior to stopping his vehicle, the officers observed appellant making furtive movements, twisting his body and shoulders.
 {¶ 3} Appellant stopped his vehicle, parking near his mother's house. The officers determined appellant possessed an identification card, but his driver's license was suspended. The officers then placed appellant under arrest for driving under suspension. The officers conducted a pat down search of appellant's person, and found $1,368 in cash and a digital scale in his jacket. The officers impounded the vehicle, and conducted an inventory search, finding a .9 millimeter pistol and magazine between the driver and passenger seats, marijuana and a large amount of cash.
 {¶ 4} Appellant was charged with one count of carrying a concealed weapon, in violation of R.C. 2923.12(A), and one count of having weapons while under disability, in violation of R.C. 2923.13(A)(3).
 {¶ 5} On April 9, 2004, appellant filed a motion to suppress, challenging whether the officers had probable cause to stop the vehicle, detain him, and search the vehicle. The trial court conducted a hearing on the motion on May 10, 2004, and overruled it.
 {¶ 6} Immediately prior to trial, appellant filed a motion in limine seeking to exclude evidence of marijuana found in the vehicle, the digital scale, the cash found on his person and in the vehicle and the evidence he was driving without a valid driver's license. In the opposition to the motion, the State responded it did not intend to present any evidence with regard to the marijuana found in the vehicle. The trial court overruled the motion in limine, but advised it would provide a limiting instruction to the jury.
 {¶ 7} The case proceeded to a jury trial on May 19, 2004. At trial, Officer Fout testified the vehicle belonged to appellant's girlfriend Yvette Davidson. Further, the parties stipulated appellant had a prior conviction for possession of cocaine. The jury found appellant guilty on both charges, and the trial court sentenced appellant to seventeen months on the carrying a concealed weapon charge and eleven months for having a weapon while under disability, with the sentences to be served concurrently. Due to appellant being on post-release control at the time he committed the offenses, the trial court included a sentencing enhancement resulting in an additional 545 days, to be served consecutively with the underlying seventeen month term.
 {¶ 8} Appellant now appeals his May 20, 2004 conviction and sentence, assigning as error:
 {¶ 9} "I. The evidence of the scale and money found on the appeallant [sic] was not relevant to convict.
 {¶ 10} "II. The evidence of the scale and money found on the appellant was prejudicial.
 {¶ 11} "III. The appellant's conviction of carrying a concealed weapon and having a weapon while under disability was against the manifest weight and sufficiency of the evidence.
 {¶ 12} "IV. The appellant was denied the effective assistance of counsel when his attorney failed to file a motion to suppress the search of appellant's vehicle and person."
 I, II {¶ 13} Appellant's first and second assignments of error raise common and interrelated issues; therefore, we will address the assignments together.
 {¶ 14} Appellant maintains the trial court abused its discretion in admitting the money and digital scale into evidence, because the evidence was irrelevant, unfairly prejudicial and misleads the jury.
 {¶ 15} The admission or exclusion of evidence rests within the sound discretion of the trial court. State v. Noling, 98 Ohio St.3d 44,2002-Ohio-7044, 781 N.E.2d 88. Further, a reviewing court shall not disturb evidentiary decisions in the absence of an abuse of discretion resulting in material prejudice. Id. The Ohio Supreme Court has repeatedly held the term abuse of discretion implies the trial court's attitude is unreasonable, arbitrary, or unconscionable, see, e.g., Statev. Adams (1980), 62 Ohio St.2d 151, 404 N.E.2d 144.
 {¶ 16} Evid. R. 404 governs the admission of "bad acts" evidence:
{¶ 17} "(B) Other crimes, wrongs or acts
 {¶ 18} "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."
 {¶ 19} At trial in this matter, the court provided the jury with the following limiting instruction regarding the evidence at issue:
 {¶ 20} "Evidence was received about the commission of crimes, wrongs, acts other than the offenses with which the Defendant is charged in this trial. That evidence was received only for a limited purpose and was not received and you may consider[1] it to prove the character of the Defendant in order to show that he acted in conformity or in accordance with that character.
 {¶ 21} "If you find that the evidence of other crimes, wrongs or acts is true and that the Defendant committed them, you may consider that evidence only for the purpose of deciding whether it proves the absence of mistake or accident, the Defendant's motive, opportunity, intent or purpose, preparation or plan to commit the offense charged in this trial, knowledge of the circumstances surrounding the offense charged in this trial, or the identity of the person who committed the offense in this trial. That evidence cannot be considered for any other purpose." Tr. at 228-229.
 {¶ 22} We note appellant's counsel did not object to the court's limiting instruction.
 {¶ 23} Upon review of the above, the evidence at issue was relevant and did not unfairly prejudice appellant. The trial court did not abuse its discretion in admitting the evidence for a limited purpose. The trial court properly limited the jury's consideration of the evidence to deciding whether it proves the absence of mistake or accident, appellant's motive, opportunity, intent or purpose, preparation or plan to commit the offenses charged, and/or knowledge of the circumstances surrounding the offense charged. Specifically, that the appellant knew the gun was in the vehicle, that he exercised control over it, and it was not merely in the area under his immediate control by mistake or accident.
 {¶ 24} The first and second assignments of error are overruled.
 III {¶ 25} In the third assignment of error, appellant asserts his conviction on both charges was against the manifest weight and sufficiency of the evidence. Specifically, appellant maintains the State failed to establish constructive possession of the weapon. He argues the State did not provide evidence demonstrating he was able to exercise dominion or control over the object, nor did they establish he was conscience of the presence of the object.
 {¶ 26} The Ohio Supreme Court outlined the role of an appellate court presented with a sufficiency of evidence argument in State v. Jenks
(1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus:
 {¶ 27} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of a crime proven beyond a reasonable doubt. * * *" See, also, Jackson v. Virginia (1979),443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560. This test raises a question of law and does not allow the court to weigh the evidence. Statev. Martin (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717. Rather, the sufficiency of evidence test "gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Jackson, at 319. Accordingly, the weight given to the evidence and the credibility of witnesses are issues primarily for the trier of fact. State v. Thomas (1982), 70 Ohio St.2d 79, 80,434 N.E.2d 1356."
 {¶ 28} In determining whether a verdict is against the manifest weight of the evidence, the appellate court acts as a "thirteenth juror." Under this standard of review, the appellate court weighs the evidence in order to determine whether the trier of fact "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Thompkins (1997),78 Ohio St.3d 380, 387, 678 N.E.2d 541. The appellate court, however, must bear in mind the trier of fact's superior, first-hand perspective in judging the demeanor and credibility of witnesses. See State v. DeHass
(1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus. The power to reverse on "manifest weight" grounds should only be used in exceptional circumstances, when "the evidence weighs heavily against the conviction." Thompkins, at 387, 678 N.E.2d 541.
 {¶ 29} As outlined above, the weight given to the evidence and the credibility of witnesses are issues for the trier of fact. At trial the State presented evidence appellant was the sole occupant of the vehicle at the time of the stop, and the firearm was found next to the driver's seat located close to his right leg. Further, prior to approaching the vehicle, the officer's observed appellant making furtive movements twisting his body and shoulder area. Appellant exited the vehicle immediately after the stop, and was told to return to the vehicle. Appellant was found in possession of a digital scale and a large amount of cash. Finally, the State introduced evidence Yvette Davidson, appellant's girlfriend and the owner of the vehicle, was questioned by the Bureau of Alcohol, Tobacco and Firearms and no other charges were filed in connection with the weapon. We find a rational juror could have found the essential elements of the charges met beyond a reasonable doubt, and the jury did not lose its way and create a manifest miscarriage of justice in finding appellant guilty of both charges.
 {¶ 30} The third assignment of error is overruled.
 IV {¶ 31} In the fourth and final assignment of error, appellant argues he was denied the effective assistance of counsel when his attorney failed to file a motion to suppress the search of appellant's vehicle and person.
 {¶ 32} However, as noted above, a review of the record indicates appellant's counsel did file a Motion to Suppress on April 9, 2004, challenging whether the officers had probable cause to stop the vehicle, detain appellant, and search the vehicle. The trial court conducted a hearing on the motion on May 10, 2004, and overruled the same.
 {¶ 33} Appellant does not further support his argument with reasons in support of his contention trial counsel was ineffective in failing to file a "justifiable" motion to suppress; therefore, appellant's argument is without merit and the assignment of error is overruled.
 {¶ 34} Appellant's May 20, 2004 conviction and sentence in the Stark County Court of Common Pleas is affirmed.
Hoffman, P.J. and Wise, J. concur Edwards, J. concurs separately
[1] Upon review of the transcript, we believe either: (1) the transcription is inaccurate or (2) the trial court intended to instruct the jury to "not consider" the evidence to prove the character of the Defendant in order to show he acted in conformity or in accordance with that character. Considering the entire context of the instruction, the trial court clearly instructed the jury the evidence was to be considered only for the purpose of deciding whether it proves the absence of mistake or accident, motive, opportunity, intent or purpose, preparation or plan, knowledge or identity. However, we note, neither party moved the trial court to correct the record regarding the instruction.